**Raul Antonio VARGAS, Petitioner— Appellant,**

v.

**DIRECTOR, DEPARTMENT OF CORRECTIONS, Respondent— Appellee.**

No. 04–55168.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 11, 2005.

Decided July 26, 2005.

Raul Antonio Vargas, San Francisco, CA, pro se.

Verna J. Wefald, Esq., Attorney at Law, Pasadena, CA, for Petitioner–Appellant.

David A. Wildman, Esq., Analee J. Brodie, Esq., Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FARRIS, D.W. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM *

Petitioner Raul Vargas appeals the district court's dismissal with prejudice of his habeas petition, alleging that his constitutional rights were violated because (1) the trial court denied his requests for substitute counsel and (2) his counsel was burdened by a conflict of interest because of her security fears at trial. We affirm the district court and deny the petition.

■ Vargas argues that his attorney did not investigate his defense. However, he fails to prove this claim by a preponderance of the evidence. *Alcala v. Woodford*, 334 F.3d 862, 869 (9th Cir.2003).[1] From the record, we may conclude that Vargas' lawyer contacted an alibi witness, as she reported to the court, but that the witness did not testify at trial for reasons unknown. Vargas' attorney was not required to investigate his incredible allegations of police misconduct because these allegations had no basis in the evidence before her. *Hendricks v. Calderon*, 70 F.3d 1032, 1040 (9th Cir.1995)(stating that it is discretionary to investigate issues "tenuously related to the defense"). Even if we were to agree that Vargas' lawyer should have attempted to interview his co-defendant, Vargas is unable to show a "reasonable probability" that the outcome would have been different where multiple eyewitnesses testified that Vargas was among the perpetrators. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The trial court's

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the petitioner must demonstrate that the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. *Lockyer v. Andrade*, 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). Even if the state court made such an error, it is harmless unless it had "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

decision not to grant substitute counsel on these grounds did not result in a denial of effective assistance of counsel as established by *Strickland.*

■ Vargas also argues that the trial court should have granted his request for substitute counsel because he had a conflict with his attorney. While a defendant should not be compelled to stand trial with an attorney with whom he is "embroiled in irreconcilable conflict," conflicts caused by the defendant or arising from decisions "committed to the judgment of the attorney" do not necessarily deprive a defendant of his Sixth Amendment right to effective assistance of counsel. *Schell v. Witek,* 218 F.3d 1017, 1025–26 (9th Cir. 2000) (en banc). The trial court concluded that Vargas caused the conflict with his lawyer when he was verbally abusive to her, and therefore refused to appoint substitute counsel on this basis. The state appellate court concluded that Vargas and his lawyer were able to communicate because she conveyed his requests to the trial court, and thus that the conflict had not deprived Vargas of his right to effective counsel. Vargas has not provided clear and convincing evidence to rebut these factual findings, so we presume they are correct. 28 U.S.C. § 2254(e)(1). Under these facts, the state court reasonably applied clearly established law when it concluded that any conflict between Vargas and his lawyer did not require substitution of counsel.

■ Vargas additionally contends that he was denied effective assistance of counsel because his attorney's security fears during trial compelled her to change the seating arrangements so that she no longer sat next to Vargas. Even if counsel could be said to have an actual conflict of interest under *Cuyler v. Sullivan,* Vargas does not show that his lawyer's performance was adversely affected by it. 446 U.S. 335, 349, 100 S.Ct. 1708, 64 L.Ed.2d

333 (1980). The change in seating arrangements did not deprive Vargas of the presumption of innocence under clearly established law as determined by the Supreme Court. *Compare Estelle v. Williams,* 425 U.S. 501, 504, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976) (concluding that compelling defendant to stand trial in prison garb deprives defendant of due process because "the constant reminder of the accused's condition" impairs the presumption of innocence), *with Holbrook v. Flynn,* 475 U.S. 560, 569, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986)(holding that the presence of four armed, uniformed police officers in the first row of spectator seating behind the defendants would not cause jurors to infer that the defendants were particularly dangerous or culpable and thus would not impair the presumption of innocence). Vargas offers no other evidence that his attorney's performance was adversely affected by her fear, which Vargas' courtroom outburst engendered.

AFFIRMED.